# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | SEALED |
| V. | CRIMINAL COMPLAINT |
| MARK ARMSTRONG | CASE NUMBER: 4:09-MJ-0011 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 28 and 29, 2008 in Scott County, in the Southern District of Indiana, the defendant did employ, use, persuade, induce, entice, or coerce any minor, those being John Doe 1 and John Doe 2, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and did produce those visual depictions using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

Counts 1 & 2 - Sexual exploitation of children

in violation of Title 18, United States Code, Section 2251(a). I further state that I am a Special Agent and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

J. Thomas Rothrock

Sworn to before me, and subscribed in my presence

April 3, 2009
**Date**

at    New Albany, Indiana
      **City and State**

Michael G. Naville, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

## AFFIDAVIT

I, J. Thomas Rothrock, being duly sworn, depose and state:

1.  I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), assigned to the Resident Agent in Charge, Indianapolis, IN. I have been so employed since 1988. As part of my daily duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256)[1] in all forms of media including computer media. I have also participated in the execution of numerous search warrants, many of which involved child exploitation and/or child pornography offenses.

2.  The information contained within this affidavit is based on my personal observations, training, and experience, as well as information related to me by other law enforcement officers.

3.  I am submitting this affidavit in support of a Criminal Complaint charging

---

[1] "Child Pornography means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." For conduct occurring after April 30, 2003, the definition also includes "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8).

1

MARK WILLIAM ARMSTRONG ("ARMSTRONG"), with two (2) counts of sexual exploitation of two different children by using them to produce child pornography in violation of 18 U.S.C. §2251(a).

4. Because this affidavit is being submitted for the limited purpose of securing a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that ARMSTRONG violated 18 U.S.C. §2251(a). Where statements of others are set forth in this Affidavit, they are set forth in substance and in part. In pertinent part, 18 U.S.C. §2251(a) prohibits any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if that visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

5. On April 2, 2009, the affiant and other Special Agents of the U.S. Immigration and Customs Enforcement, detectives working for the Fishers Police Department, the Indiana State Police, the Hamilton County Metro Internet Crimes Against Children Task Force, and a Special Agent of the Federal Bureau of Investigation executed a federal search warrant on 412 North Meridian Street, Scottsburg, IN, 47170, the residence of ARMSTRONG. The purpose of the search was to recover evidence or instrumentalities of the possession, receipt, distribution or production of child pornography, based in part upon information provided by an international law enforcement partner.

6. Upon knocking on the door of the residence, I was met by ARMSTRONG. I advised ARMSTRONG of his rights pursuant to *Miranda v. Arizona*, and he agreed to speak with me. During the course of our conversation, ARMSTRONG admitted to engaging in sexually explicit conduct with two minor relatives, extending from the present to back in time nearly ten years. ARMSTRONG also admitted that he took photographs of the sexually explicit conduct in which he engaged with one of those minor relatives ("John Doe 1"), and that he took "inappropriate," nude photos of yet another minor relative ("John Doe 2").

7. Pursuant to the federal search warrant, a Sony-brand, digital camera was recovered from the residence. ARMSTRONG admitted that this was the camera with which he had produced the images of John Doe 1 and John Doe 2. Sony digital cameras are produced outside of the State of Indiana.

8. A Sony-brand memory card, compatible with the digital camera described above, was also recovered at the residence. Sony memory cards are produced outside of the State of Indiana. Deleted images of John Doe 1 and John Doe 2 engaging in sexually explicit conduct were able to be recovered from the memory card by forensic techniques of digital file recovery. Included in those recovered files were the following images:

> i. John Doe 1 is depicted inside a room at ARMSTRONG's residence. The depiction shows an adult male engaging in actual or simulated sexual intercourse with John Doe 1. John Doe 1 is clearly under ten (10) years of age in the image, and is readily identifiable in the depiction. Data recovered along with the image indicates that it was produced on August 28, 2008. The affiant is

        aware of John Doe 1's precise age on August 28, 2008, but his date of birth has been omitted herein in order to preserve his privacy. Nevertheless, the affiant knows that John Doe 1 was a minor when this image was produced.

    ii.    John Doe 2 is depicted laying on his back on a couch that was found inside ARMSTRONG's residence during execution of the federal search warrant. In this depiction, John Doe 2 is fully nude, and has been posed in an unnatural position given his age. He is clearly under ten (10) years of age in the image. The focal point of this image is on the genitals and pubic area of John Doe 2. Data recovered along with the image indicates that it was produced on August 29, 2008. The affiant is aware of John Doe 2's precise age on August 29, 2008, but his date of birth has been omitted herein in order to preserve his privacy. Nevertheless, the affiant knows that John Doe 2 was a minor when this image was produced.

9.    ARMSTRONG was confronted with each of the images described above. ARMSTRONG identified the adult male in the image of John Doe 1 as himself, and identified John Doe 1 as a minor relative. ARMSTRONG also identified John Doe 2 as a minor relative when confronted with that image. ARMSTRONG admitted to using John Doe 1 and John Doe 2 to produce each of the images, with the Sony digital camera described above.

10.    I have personally reviewed the images described above, and based on my training and experience, they depict actual minors engaging in sexually explicit conduct.

11. Based on the aforementioned facts, your affiant respectfully submits that there is probable cause to believe that Mark William ARMSTRONG has violated 18 U.S.C. §2251(a). In consideration of the foregoing, your affiant respectfully requests that the United States District Court issue the Criminal Complaint for Mark William ARMSTRONG.

12. Because this investigation remains ongoing, I respectfully request that the complaint, this accompanying affidavit and the arrest warrant be sealed.

J. Thomas Rothrock, Special Agent
U.S. Immigration and Customs Enforcement

SUBSCRIBED TO AND SWORN BEFORE ME THIS 3rd DAY OF APRIL, 2009

Michael Naville
U.S. Magistrate Judge